JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 6 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

**DOCKET NO. 1601**

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE STARMED HEALTH PERSONNEL, INC., FAIR LABOR STANDARDS ACT LITIGATION*

*Michelle Gaynor v. StarMed Health Personnel, Inc.*, N.D. Alabama, C.A. No. 2:03-790
*Bonnie Morey, et al. v. StarMed Health Personnel, Inc., et al.*, C.D. California, C.A. No. 8:03-1273

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL**

### TRANSFER ORDER

This litigation currently consists of two actions pending, respectively, in the Northern District of Alabama and the Central District of California.[1] Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by defendants StarMed Health Personnel, Inc.; Healthcare Staffing Solutions, Inc.; and Wesley Medical Resources, Inc. (collectively StarMed) for coordinated or consolidated pretrial proceedings of these actions in the Eastern District of Missouri, or, in the alternative, the Northern District of Alabama. Plaintiff in the Northern District of Alabama action supports the motion for transfer with respect to the movants' alternative choice for transferee district, the Northern District of Alabama. Plaintiffs in the Central District of California action oppose the motion. In the event the Panel orders transfer, then these plaintiffs would support centralization in the Central District of California.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share questions of fact arising out of similar allegations that certain branch employees of StarMed are entitled to overtime compensation under the Fair Labor Standards Act, 29 U.S.C § 201, *et seq*. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with

---

[1] The parties have notified the Panel of a related action pending in the Southern District of Florida. This action and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

OFFICIAL FILE COPY

IMAGED MAY 6 '04   √

- 2 -

respect to whether the actions should proceed as collective actions; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Central District of California is an appropriate transferee forum for this litigation. We note that i) an action is pending in the Central District of California; ii) plaintiffs in that action, in the alternative, support centralization there; and iii) this tribunal has the resources available to manage this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Central District of California is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Manuel L. Real for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman